# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| Louis Edward WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:11-CV-30 (MTT) |
| ) | |
| UNITED STATES DISTRICT COURT ) | |
| FOR THE MIDDLE DISTRICT OF ) | |
| GEORGIA, *et. al*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

This matter is before the Court on pro se Plaintiff Louis Edward Williams' request to proceed in forma pauperis (Doc. 1). The Plaintiff did not file an Application to Proceed in District Court Without Prepaying Fees or Costs, i.e., Motion to Proceed in Forma Pauperis, but the Court will use his application from an action filed two weeks earlier. *Williams v. Davis*, 3:11-CV-21 (MTT) (Doc. 4). The Plaintiff's financial affidavit discloses monthly expenses totaling more than $900.[1] The Plaintiff reports $772 in total monthly income.

Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the

---

[1] The Court did not include the Plaintiff's $1,600 motor vehicle installment payment because this amount is likely one of his "semiannual," rather than monthly, expenses.

court fees and costs, and to support and provide necessities for himself and his dependents." *Id*.

Here, the Plaintiff's total monthly expenses exceed his total monthly income and, thus, the Court is satisfied that the Plaintiff is unable to pay the costs and fees associated with this lawsuit. Accordingly, the Plaintiff's request to proceed in forma pauperis is **GRANTED**.

Because the Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Plaintiff claims the Defendants, including federal judges and clerks of courts, dismissed his cases which were "definitely legal[ly] actionable." The Plaintiff specifically references Judge Clay D. Land's February 8, 2011 order that adopted United States Magistrate Judge Stephen Hyles' recommendation to dismiss. *Williams v. Athens Import Auto Repair*, 3:10-CV-105 (CDL) (Doc. 8).

As confusing as the Plaintiff's complaint is, it is clear that he seeks $80,000,000 from "judicial officers" for the performance of their judicial duties. These individuals are absolutely immune from damages while they are acting in their judicial capacity unless they acted in the "'clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). The Plaintiff alleges his prior complaints were dismissed before defendants answered. The Plaintiff is correct; his prior suits were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Clearly, the "judicial officers" who are the subject of the Complaint were

acting in their judicial capacity when they dismissed the Plaintiff's complaints. Moreover, "[i]f plaintiff believed that his case was improperly dismissed, his remedy was to file an appeal. The instant complaint is tantamount to an appeal of another district court's adverse decision. This Court may not review another federal court's judgment." *Leonard v. Marra*, 2005 WL 2319710, at *3 (M.D. Ga. 2005) (citing *Bolin*, 225 F.3d at 1240-41). Because the Complaint fails to state a claim on which relief may be granted, this matter must be **DISMISSED**.

The Plaintiff has filed seven actions with the Court since October 2009. Four of the five dismissed cases were dismissed for failure to allege a cause of action. The Plaintiff has already been warned that "should the Court deem any future pleadings filed by Plaintiff to be legally or factually frivolous, Plaintiff will be considered to be a 'vexatious litigant' and will be required to seek the Court's approval prior to filing another lawsuit." *Athens Import Auto Repair*, 3:10-CV-105 (CDL) (Doc. 6, at 4). The Court now warns the Plaintiff that future actions dismissed pursuant to section 1915(e)(2)(B) will be subject to Fed. R. Civ. P. 11(c) sanctions.

**SO ORDERED**, this the 7th day of April, 2011.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT